EDWARD BENDER, Respondent, v. MARIA L. PALMER, Appellant.

No. 1883; July 9, 1870.

**Mechanic's Lien.**—When Materials are Furnished or Work Done, free from any contract to give credit, and a debt in personam is thereby created against the owner of the premises, there is no reason why the materialman or laborer may not proceed at once, both to record his lien upon the property under the statute and immediately to enforce it by action.

**Mechanic's Lien—Government Land.**—A Mechanic's Lien Right, accruing against a building on government land to which the person in possession, for whom the building was constructed, had not yet acquired full title, is not lost by transfer of the possession of the land; but those entering successively under such person are concluded, even the final taker to whom the complete title is granted.

APPEAL from Third Judicial District, Santa Cruz County.

F. J. McCann for respondent; C. B. Younger for appellant.

WALLACE, J.—The plaintiff, a materialman, furnished to Calderwood certain materials intended to be and in fact subsequently used by the latter in the erection of a building upon a town lot in Santa Cruz, of which he was at the time in possession, claiming to be the owner.

This action is brought to foreclose the lien asserted by the plaintiff under the statute of April 26, 1862, in relation to liens of mechanics and others. After the materials had been furnished, and while the building was being erected, or, it may have been, after its actual completion, Calderwood sold the premises to Dreman, who subsequently conveyed them to the defendant Maria.

The court below entered a decree directing a sale of the premises to satisfy the lien, and from this decree the defendant appeals.

That Bender furnished the materials and filed his sworn statement, correctly setting forth his claim, is not questioned here, but the point is made that his lien became lost, because, as is said, this filing was not done within thirty days after the

completion of the building—but was done before the building was completed at all.

It is argued that the fact of completion must have occurred before the right to file the claim accrues, and that the filing must be within thirty days after the event and not before the thirty days commence to run, nor after they have expired.

It is clear that if a building be completed, the claim for a lien cannot be filed after the lapse of thirty days from that completion, but we do not see, under the provisions of the statute, why a laborer may not, when his work is fully done, or a lumber merchant, when his materials are completely furnished, make and file his claim for a lien, even though, at that particular time, the building itself may not have attained completion. Why should he wait upon the others, when his own part is completed? He has done everything which entitles him to obtain his lien and to hold it for his own protection. And besides, if the fact of the actual completion of the building is an indispensable condition precedent to the laborer or materialman obtaining his lien, he may be delayed indefinitely at the mere caprice of others over whom he has no control— the owner of the improvement, for instance, · who may not choose that it shall be completed at all.

But it is said that the construction which allows the materialman to place a lien on the premises before the building is completed must unavoidably lead to the result that he may also bring his action to enforce that lien before the completion.

It is true that such a result may in some cases follow, upon the view we have announced. When materials are furnished, or work done, free from any contract whatever to give credit, and a debt in personam is thereby created against the owner of the premises, as is the case here, we cannot see why the laborer or materialman may not proceed at once, both to record his lien upon the property under the statute, and also immediately enforce it by action.

The security provided by law for the payment of a debt payable in presenti ought to be one capable of instant enforcement, otherwise the debt may become lost, before the lien becomes available at all.

The next point urged on behalf of appellant concerns the ownership of the property upon which the building was erected. Section 4 of the statute of 1862 provided that ''the

land upon which any buildings . . . . shall be erected or constructed . . . . shall also be subject to the lien, . . . . if at the time the contract was made, etc., the said land belonged to the person who caused the said building . . . . to be constructed or repaired. But if such person owned less than a fee simple estate in such land, then only his interest therein shall be subject to such lien.''

It seems that at the time the plaintiff furnished the materials, Calderwood was in possession of the land, claiming to be its owner, and was building a dwelling-house thereon; this was in December, 1865. In March, 1866, Calderwood conveyed the premises to Samuel Drennan, and in June following the defendant, Maria, took possession by permission of Drennan. In July, 1866, Drennan conveyed to the defendant Maria, and gave her a bond of indemnity against the liens in controversy here.

The ultimate fee of the land being during all this time in the government of the United States, Congress, after the conveyance to defendant, Maria, granted the title of the United States to the corporate authorities of the town of Santa Cruz, in trust, however, to convey to parties occupying at the date of the passage of the act. And in December, 1866, the defendant, Maria, obtained a conveyance in fee of the premises from the town authorities, as being the occupant of the premises.

It is now claimed that the acquisition of the absolute title in fee, thus subsequently accomplished, operates to displace the lien which might otherwise have been enforced against these premises.

We suppose that if the title of the defendant were now the same as when she first acquired it from Drennan, it would hardly have been claimed that such a result would follow. Certainly Calderwood himself, had he remained in the possession of the premises, as he was when the building was erected, could not have been permitted to defeat this lien by merely pointing to the true title as outstanding in the government of the United States. And it is clear, too, that those who successively entered under him, entering into possession as they did, in subordination to his title, such as it was, must in that respect have been concluded, as he would have been concluded. And if this be so, would he or they occupy a more

formidable position by the subsequent acquisition of the outstanding title? We think not. And especially would this appear to be so, when, as here, the better title has been acquired because and as a consequence of the possession and claim of title held in the first instance. We think that it must still be regarded for the purpose of this action as the same possession and title which Calderwood claimed, only confirmed and made definitely valid in the hands of his successors.

There is nothing in the other points urged on behalf of the appellant.

The judgment is affirmed with twenty-five per cent damages and costs.

We concur: Sprague, J.; Temple, J.; Crockett, J.

I dissent: Rhodes, C. J.